UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DARRYL LESTER LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6: 13-101-KKC |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS and | ) | **MEMORANDUM OPINION** |
| USP MCCREARY, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Darryl Lester Lewis filed this action on April 22, 2013, pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). In his complaint, Lester claimed that prison officials had failed to protect him from an assault by other prisoners, as a result of which he suffered brain damage and dementia, damage to his right eye, a blood clot in his right leg, several lost teeth, and severe scarring, and then failed to give him proper medical treatment. [R. 1]

On May 16, 2013, the Court entered an Order noting that Lewis had made the same allegations in *Lewis v. Warden John Doe*, No. 1:12-CV-7864 (N.D. Ill. 2012), claims which that court had dismissed, with prejudice, as time barred on November 28, 2012. The claims therefore appeared to be barred by principles of claim preclusion. The Court further noted that Lewis's claims, predicated upon an assault which he had alleged occurred on April 14, 2009, also appeared to be barred by Kentucky's one-year statute of limitations. The Court therefore ordered Lewis to show cause why his case should not be dismissed with prejudice on or before June 12, 2013. [R. 10] That date has come and gone without any response from the plaintiff.

As previously noted, because the claims Lewis asserts in his complaint have previously been dismissed with prejudice in the Northern District of Illinois, the doctrine of claim preclusion prevents him from re-asserting them in a new lawsuit filed in this Court. *Mitchell v. Chapman*, 343 F. 3d 811, 819 (6th Cir. 2003); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). Even if this were not so, Lewis's claims appear to arise out of an assault occurring in 2009, and he therefore did not file suit within the one year permitted under Ky. Rev. Stat. § 413.140(1)(a). Because he did not do so, his claims must be dismissed as time-barred. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

Accordingly, **IT IS ORDERED** that:

1. Lewis's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This the 18th day of June, 2013.

Signed By:

*Karen K. Caldwell* KKC

**United States District Judge**